*United States v. Sikandar*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand twenty-four.

**PRESENT:**
> **RICHARD C. WESLEY,**
> **ALISON J. NATHAN,**
> **SARAH A. L. MERRIAM,**
> > *Circuit Judges.*

_____

**United States of America,**

> *Appellee,*

> v.                                                                     No. 22-3139

**Raza Sikandar,**

> *Defendant-Appellant.*

_____

**FOR DEFENDANT-APPELLANT:**

> Jeremiah Donovan, Law Offices of Jeremiah Donovan, Old Saybrook, CT.

**FOR APPELLEE:**

> Andrew Wenzel, Susan Corkery, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Central Islip, NY.

Appeal from a judgment of conviction of the United States District Court for the Eastern District of New York (Brodie, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Raza Sikandar appeals from a November 30, 2022 judgment of conviction based on his plea of guilty to Count One, misuse of a passport, in violation of 18 U.S.C. § 1544, and Count Two, aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Sikandar was sentenced to 6 months on Count One and 24 months on Count Two, for a total of 30 months' imprisonment, to be followed by two years of supervised release.

On appeal, Sikandar argues that the district court (1) denied him his Sixth Amendment right to self-representation and (2) improperly applied a two-offense-level Guidelines enhancement for abuse of a position of trust. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I. The Sixth Amendment

We reject Sikandar's argument that the district court denied him his Sixth Amendment right to self-representation.

The Sixth Amendment guarantees a defendant the right to forgo counsel and represent himself. *See Faretta v. California*, 422 U.S. 806, 814 (1975). "A criminal defendant is entitled to proceed *pro se* if he 'knowingly, voluntarily, and unequivocally' waives his right to appointed counsel." *Wilson v. Walker*, 204 F.3d 33, 37 (2d Cir. 2000) (quoting *Johnstone v. Kelly*, 808 F.2d 214, 216 (2d Cir. 1986)).

During a November 17, 2021 change of plea hearing, Sikandar's appointed counsel John Wallenstein made the following statement:

> Based on my conversation with Mr. Sikandar, he is dissatisfied with my services. I believe that we have reached a point of impasse. I am prepared to try this case on Monday, but I believe that Mr.

3

Sikandar would like new counsel.   He feels that he has no trust in me and would like either a different lawyer or to proceed pro se.

App'x 253.

Despite Sikandar's contentions, this was not an "unequivocal request for self-representation."   Appellant's Br. at 30.   The mention of proceeding *pro se* was made as part of Sikandar's request for new counsel, which the district court denied.   In response, Sikandar addressed the district court directly and renewed his motion for new counsel, explaining the various reasons for why he was dissatisfied with Mr. Wallenstein's representation.   But at no point during this exchange did Sikandar express any desire to proceed *pro se*.   Accordingly, no "unambiguous and unequivocal request" for self-representation was made. *United States v. Barnes*, 693 F.3d 261, 271 (2d Cir. 2012) (quoting *Williams v. Bartlett*, 44 F.3d 95, 100 (2d Cir. 1994)).

Even if we were to assume that Sikandar made an unequivocal assertion of his right to self-representation, any asserted right was subsequently waived. "Once asserted, . . . the right to self-representation may be waived through conduct indicating that one is vacillating on the issue or has abandoned one's

4

request altogether." *Wilson*, 204 F.3d at 37 (quotation marks omitted). "Where . . . the question of self-representation is left open for possible further discussion, the defendant's failure to reassert his desire to proceed *pro se* and his apparent cooperation with his appointed counsel . . . constitutes a waiver of his previously asserted Sixth Amendment right to proceed *pro se*." *Barnes*, 693 F.3d at 272 (cleaned up).

After Mr. Wallenstein's initial statement, neither Sikandar nor Mr. Wallenstein mentioned again the possibility of self-representation. After his exchange with the district court, Sikandar conferred with Mr. Wallenstein and authorized Mr. Wallenstein to enter a guilty plea on his behalf. Sikandar also stated under oath that he was satisfied with Mr. Wallenstein's representation. This conduct indicates that Sikandar had clearly "abandoned [any] initial request to represent himself." *Barnes*, 693 F.3d at 271 (quotation marks omitted).

Accordingly, we conclude that the district court did not deny Sikandar his Sixth Amendment right to self-representation.

## II. The Abuse of Trust Enhancement

On appeal, Sikandar also argues that the district court erred by applying a

5

two-offense-level enhancement for abuse of a position of trust under U.S.S.G. § 3B1.3 after concluding that Sikandar obtained John Doe's passport by falsely representing himself as an attorney. We review the district court's application of this enhancement for clear error. *See United States v. Sampson*, 898 F.3d 287, 313 (2d Cir. 2018).

Section 3B1.3 of the Guidelines instructs a sentencing court to increase a defendant's offense level by two levels if it finds that he "abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. The adjustment applies when a defendant holds himself out to his victim as occupying a position of trust, including as an attorney, whether fraudulently or not. *See* U.S.S.G. § 3B1.3 cmts. 3–4; *United States v. Walker*, 191 F.3d 326, 338 (2d Cir. 1999).

We conclude that the district court did not clearly err by applying the abuse of a position of trust enhancement. A preponderance of evidence showing that a defendant abused his position of trust is sufficient to justify an enhancement under U.S.S.G. § 3B1.3. *See United States v. Pristell*, 941 F.3d 44, 50 (2d Cir. 2019). Here, the record supports the district court's finding that Sikandar fraudulently held

himself out as an attorney to John Doe, which allowed Sikandar to obtain Doe's passport.

The district court adopted the findings of the Presentence Investigation Report (PSR), which provided that Sikandar "had John Doe's passport because he was working on an immigration case for John Doe." PSR ¶ 12. Sikandar filed no objection to this statement in his written response to the PSR. When asked about this statement during sentencing, Sikandar's attorney did not dispute the factual accuracy of the statement but instead explained that Sikandar was assisting Doe "as a friend and not as his attorney." App'x 322. As the district court correctly acknowledged, Sikandar also did not dispute that he held himself out to Doe as an attorney. In light of these facts, the district court found that Sikandar and Doe had an attorney-client relationship and applied the enhancement.

On appeal, Sikandar argues that evidence in the record shows that Doe and Sikandar were friends engaged in business, which indicates that they did not have an attorney-client relationship. He concedes that he obtained the passport because he was helping Doe with an immigration matter but insists that he was doing so as Doe's friend rather than as his attorney. While evidence of friendship

alone would not trigger the abuse of a position of trust enhancement, *see United States v. Huggins*, 844 F.3d 118, 126 (2d Cir. 2016), a friendship is not inconsistent with the district court's conclusion that Doe and Sikandar also had an attorney-client relationship that facilitated Sikandar's access to Doe's passport.   Indeed, the district court expressly acknowledged that *in addition to* an attorney-client relationship, Sikandar "may have also had a friendship with" Doe.   App'x 326. We conclude there is sufficient evidence in the record to support the district court's determination that Sikandar had the opportunity to obtain John Doe's passport by falsely representing himself as an attorney.

Accordingly, the district court did not commit clear error by applying the abuse of a position of trust enhancement under U.S.S.G. § 3B1.3.

\* \* \*

We have considered the remaining arguments on appeal and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8